IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv241

| | |
|---|---|
| PEGGY SUE HICKS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' cross motions for summary judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 14] and **GRANT** the Motion for Summary Judgement [# 12].

    I.    **Procedural History**

Plaintiff filed an application for disability insurance benefits on October 11, 2011. (Transcript of Administrative Record ("T.") 315.) Plaintiff alleged an onset date of May 7, 2011. (T. 315.) Subsequently, Plaintiff amended her alleged onset

-1-

date to January 1, 2007.  (T. 317.)  The Social Security Administration denied Plaintiff's claim.  (T. 218-21.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 222-26.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 148-87.)  The ALJ then issued a decision finding that Plaintiff was not disabled from January 1, 2007, through March 31, 2012, the date last insured.  (T. 147.)   Plaintiff requested review of the ALJ's decision.  (T. 126.)

The Appeals Council granted Plaintiff's request for review and issued a decision.  (T. 4-7.)  First, the Appeals Council adopted the ALJ's findings and conclusion regarding whether Plaintiff was disabled.  (T. 4.)  The Appeals Council then found that the ALJ used the incorrect date that Plaintiff met the insured status requirements of the Social Security Act.  (T. 5.)  The Appeals Council found that the date of last insured was December 31, 2012.  (<u>Id.</u>)  The Appeals Council also found that the ALJ erred in finding Plaintiff capable of performing past relevant work, but adopted the ALJ's alternative finding that other jobs existed in the national economy that she could perform.  (T. 147.)  Accordingly, the Appeals Council found that Plaintiff was not disabled from January 1, 2007, through December 31, 2012, that date last insured. (T. 7.)   Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails

to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five

through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment

for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the Appeals Council reached its decision based on the correct application of the law. Id.

## V. Analysis[1]

A claimant who is not satisfied with an ALJ's decision may request that the Appeals Council review the action. 20 C.F.R. § 404.967. The Appeals Council may either deny or dismiss the request for review or it may grant the request for review. Id. The Appeals Council will review a case when: (1) it appears that the ALJ abused his or her discretion; (2) the ALJ committed an error of law; (3) the ALJ's action, findings, or conclusions are not supported by substantial evidence; or (4) a broad policy or procedural issue exists that might impact the interests of the general public. 20 C.F.R. § 404.970(a).

Where the Appeals Council grants the request for review, it must either remand the case back to an ALJ or issue a new decision. 20 C.F.R. § 404.967. Where the Appeals Council makes a decision, it must follow the same rules for

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

considering opinion evidence as the ALJ. 20 C.F.R. §404.1527(e)(3). Although the Appeals Council need not articulate its rationale for denying a request for review, if the Appeals Council grants a request and issues its own decision on the merits, the Appeals Council must "make findings of fact and explain its reasoning." Meyer v. Astrue, 662 F.3d 700, 706 (4th Cir. 2011); see also 20 C.F.R.§ 404.979 ("If the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence.") Where the Appeals Council grants review and issues a decision, it is the decision of the Appeals Council that is the final decision of the Commissioner subject to review in this Court. Sims v. Apfel, 530 U.S. 103, 106-7, 120 S. Ct. 2080, 2083 (2000).

Here, the Appeals Council granted review and issued its own decision and findings. The Appeals Council found that the ALJ erred in determining the date of last insured, which the ALJ identified as March 31, 2012. (T. 4, 134, 136.) The Appeals Council found that the electronic records indicate that Plaintiff's actual date of last insured was December 31, 2012, approximately nine months later. (T. 5.) Accordingly, the Appeals Council found:

> The decision [of the ALJ] does not reflect consideration of whether [Plaintiff] was disabled . . . during the entire period at issue. However, the Appeals Council has reviewed all of [Plaintiff's] medical records through December 31, 2012, and adopts the Administrative Law Judge's findings through this date except the step 4 findings.

(T. 5.) The Appeals Council, however, failed to specifically address any of the medical records from this additional nine month period and failed to offer any substantive analysis, explanation of its reasoning, or justification as to how this additional evidence was consistent with the prior finding of the ALJ adopted by the Appeals Council. Moreover, the Appeals Council may not rely solely on the reasoning of the ALJ in this case because the ALJ did not even consider all the relevant medical evidence and only determined whether Plaintiff was subject to benefits through March 11, 2012.

As a result of the failure of the Appeals Council to undertake any substantive analysis in its decision, this Court is left to review the medical evidence and determine on its own how the medical evidence from the additional period is consistent with the decision of the ALJ. As the United States Court of Appeals for the Fourth Circuit has repeatedly warned in the context of other findings, however, these types of conclusory findings by an ALJ, or in this case the Appeals Council, make meaningful review by this Court impossible. See Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); Fox v. Colvin, 632 F. App'x 750 (4th Cir. 2015) (unpublished).

Having opted to issue a new decision rather than remand the case to the ALJ for additional consideration of the entire relevant time period, it was incumbent on

the Appeals Council to issue a decision that would allow this Court to conduct meaningful review. Instead, the Appeals Council issued a decision containing nothing more than a conclusory statement that it had reviewed the additional nine months of medical records and adopted the prior findings of the ALJ. Such conclusory decisions - without even the semblance of any substantive analysis or explanation as to how the Appeals Council reached its decision - renders it impossible for this Court to perform its task of reviewing the decision without conducting the fact finding that the Appeals Council should have undertaken in its decision. While the Commissioner sets forth a compelling argument for why the additional medical records are consistent with the findings made by the ALJ for the period through March 31, 2012, it is not the role of this Court to make this type of factual inquiry in the first instance. See generally Fox, 632 F. App'x at 755.

The Appeals Council did not need to go through all the additional evidence in detail or discuss it at length, but the Appeals Council must do more than it did in this case to allow for meaningful review. When this Court has nothing more than a conclusory statement without any actual analysis or rationale, the only option for this Court is to undertake the factual inquiry itself or to remand the case. It is the opinion of this Court that cases such as these should be remanded so that the ALJ or the Appeals Council can issue a written decision setting forth more than

conclusory statements. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgement [# 12].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 14], **GRANT** the Motion for Summary Judgement [# 12], and **REMAND** this case for further consideration consistent with this Memorandum and Recommendation.

Signed: September 9, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).