UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00241-MOC-DLH

| | |
|---|---|
| **PEGGY SUE HICKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#16) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review

1

at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. In particular, the court takes note of the following portion of the magistrate judge's Memorandum and Recommendation:

> While the Commissioner sets forth a compelling argument for why the additional medical records are consistent with the finding made by the ALJ for the period through March 31, 2012, it is not the role of the Court to make this type of factual inquiry at the first instance.

(ECF #16) (citation omitted). Based on such determinations, the court will fully affirm the Memorandum and Recommendation (#16) and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#16) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#12) is **GRANTED**, defendant's Motion for Summary Judgment (#14) is **DENIED**, and this case is **REMANDED** for further consideration consistent with the Memorandum and Recommendation.

Signed: October 4, 2016



Max O. Cogburn Jr.

2